UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 08-cr-30057 |
| ) | |
| JEFFREY DEAN CHAMBERS, ) | |
| ) | |
| Defendant. ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Jeffrey Dean Chambers's self-styled Motion for Appropriate Relief Pursuant to 28 U.S.C. § 1651 (d/e 89). Section 1651 is the All Writs Act, but in his Motion Defendant makes clear that he specifically seeks a Writ of Error. Because Chambers's Motion is a post-judgment motion in a criminal proceeding that seeks to vacate, set aside, or correct his sentence, the Motion is subject to a one-year period of limitation after his conviction became final. See 28 U.S.C. § 2255(f); Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004). Because Chambers's Motion was filed more than two years after his

conviction became final, the Motion was not timely and must, therefore, be denied.

## BACKGROUND

Chambers was convicted by jury of one count of Enticement of a Minor in violation of 18 U.S.C. § 2422(b) and two counts of Transporting Child Pornography in violation of 18 U.S.C. 2252A(a)(1).  Judgment was entered on the verdict on April 17, 2009, and Chambers was sentenced on October 26, 2009, to concurrent 20-year sentences on each count.  On July 8, 2011, the Seventh Circuit Court of Appeals affirmed Chambers's conviction and sentence on appeal.  Chambers filed a Motion for Writ of Mandamus at the Court of Appeals, which denied the Motion on December 29, 2009.  Chambers did not petition the United States Supreme Court for a writ of certiorari.

On February 10, 2014, Chambers filed the Motion for Appropriate Relief Pursuant to 28 U.S.C. § 1651 now before the Court.  In this lengthy Motion, Chambers recites the requirements for Article III standing and various Latin legal maxims, with their translations, many times over.  In substance, Chambers's Motion raises conclusory allegations that this Court lacked jurisdiction to

enter a judgment of conviction; that Defendant's conviction was premised on inadequate proof at trial of either culpability or requisite mens rea; and that Defendant received ineffective assistance of counsel because his lawyer failed to advise him that the jury must know and be advised that the judge's duty is to rule on issues of law.

## ANALYSIS

Chambers brings the Motion before the Court under the auspices of 28 U.S.C. § 1651, the All Writs Act, and specifically seeks a Writ of Error. Chambers requests that this Court "order this sentence terminated and the sentence be fulfilled as time served."

The Seventh Circuit has held that "any post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of 28 U.S.C. Section 2255 should be treated as a Section 2255 motion." United States v. Carraway, 478 F.3d 845, 848 (7th Cir. 2007). In Carraway, the petitioner filed a motion for relief under Federal Rule of Civil Procedure 60(b)(5), which authorizes a district court to relieve a party from final judgment when "the

judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." The Seventh Circuit held that the petitioner's motion, however styled, was to be characterized as a request for relief under 28 U.S.C. § 2255. Id.; see also Melton, 359 F.3d at 857 (including writs of error among motions properly to be construed as § 2255 motions). Because the petitioner had sought and been denied relief under § 2255 once before, his new motion was subject to the requirement that the court of appeals authorize the motion as a second or successive motion. Carraway, 478 F.3d at 849. The petitioner had not sought or received authorization from the court of appeals, however, so his new motion was procedurally defective and was properly dismissed by the district court. Id.

Like the motion in Carraway, Chambers's Motion now before the Court is properly characterized as a motion under 28 U.S.C. § 2255 because Chambers's Motion seeks relief from his sentence on constitutional grounds, including this Court's jurisdiction, the adequacy of proof at trial, and the effectiveness of his counsel.

Chambers's Motion, seeking a writ of error, is one of the several types of motions identified by the Seventh Circuit to be construed by the district court as a motion under § 2255.  See Melton, 359 F.3d at 857.

Also like the motion in Carraway, Chambers's Motion is procedurally defective, but for a different reason:  It was not timely.  Section 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, requires that a motion under § 2255 be filed no more than one year after "the date on which the judgment of conviction becomes final."  When a petitioner unsuccessfully appeals his conviction and sentence and does not petition for a writ of certiorari, the judgment of conviction becomes final for purposes of the § 2255 one-year limitation period when the time expires for filing a petition for certiorari.  Clay v. United States, 537 U.S. 522, 524–25 (2003).  But the Motion now before this Court, filed on February 19, 2014, came more than one year after the issuance of the Mandate of the Court of Appeals on July 8, 2011, and the expiration of the time limit for Chambers to seek a writ of

certiorari.[1]  Because Chambers's Motion was not timely, it must be denied.

## CONCLUSION

For the forgoing reasons, Chambers's Motion for Appropriate Relief Pursuant to 28 U.S.C. § 1651 (d/e 89) is DENIED.

IT IS SO ORDERED.

ENTER:  July 14, 2015

FOR THE COURT:  　　　　s/ Sue E. Myerscough
　　　　　　　　　　　　SUE E. MYERSCOUGH
　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[1] This procedural defect relieves this Court of its responsibility, under Castro v. United States, 540 U.S. 375 (2003), to warn Chambers before construing the present Motion under § 2255 or offering him the opportunity to withdraw the Motion, as an error in Chambers's statutory citation "cannot cost [him] any legal entitlement" where the one-year time limit bars both the present Motion and any similar future motions or petitions.  Cf. United States v. Lloyd, 398 F.3d 978, 980 (7th Cir. 2005) (declining to apply Castro's "warn-and-allow-withdrawal approach" when re-characterizing a purported motion under 18 U.S.C. § 3582(c)(2) as a procedurally defective second or successive motion under 28 U.S.C. § 2255).